Filed 2/13/26  P. v. Hoff CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN HOFF,<br><br>    Defendant and Appellant. | B339399<br><br>Los Angeles County<br>Super. Ct. No. PA072363-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Feldstern, Judge.  Affirmed.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Undesignated statutory citations refer to the Penal Code.

In July 2015, a jury found Steven Hoff guilty of the attempted premeditated murders of Officers Miguel Lopez and

Henrik Agasyan, and for being a felon in possession of a firearm. The jury also found true the allegations that Hoff personally and intentionally discharged a firearm, caused great bodily harm to Lopez, and reasonably should have known Lopez and Agasyan were peace officers lawfully performing their duties.

Hoff's case then proceeded to a bench trial as to his earlier convictions, where the court found true the allegations that he suffered convictions for robbery in February 1989, felony criminal threats in April 2005, and attempted burglary in April 2010.

At Hoff's sentencing in September 2015, his lawyer asked the court to exercise its discretion to disregard his earlier strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), arguing that the robbery conviction was too remote to be relevant, and that his criminal threats conviction was not violent. Citing the probation report's description of Hoff's lengthy criminal history, which began in 1985 and "continued relatively unabated" for the next twenty-seven years, the court denied Hoff's *Romero* motion.

The court then found the robbery and criminal threats convictions to be "strikes" under the Three Strikes Law that would subject Hoff to increased prison sentences for his most recent convictions. The court proceeded to sentence Hoff to a total term of 140 years to life, plus 53 years, as follows:

| **Count 1** | **70 years to life + 11 years** |
|---|---|
| Third-strike premeditated attempted murder of Lopez: Pen. Code, §§ 664(f)/187(a), 667(b)–(i), 1170.12(a)–(e) | 15 years to life (base) + 15 years to life (first strike) + 15 years to life (second strike) |

2

| | |
|---|---|
| Enhancement for personal and intentional discharge of a gun causing great bodily injury: Pen. Code, § 12022.53(d) | 25 years to life |
| Serious felony enhancement for robbery conviction: Pen. Code, § 667(a)(1) | 5 years |
| Serious felony enhancement for criminal threats conviction: Pen. Code, § 667(a)(1) | 5 years |
| Prior separate prison term enhancement for attempted burglary conviction: Pen. Code § 667.5(b) | 1 year |
| **Count 2** | **45 years to life + 31 years** |
| Third-strike premeditated attempted murder of Agasyan: Pen. Code § 664/187(a) | 15 years to life (base) + 15 years to life (first strike) + 15 years to life (second strike) |
| Enhancement for personal and intentional discharge of a gun: Pen. Code, § 12022.53(c) | 20 years |
| Serious felony enhancement for robbery conviction: Pen. Code, § 667(a)(1) | 5 years |
| Serious felony enhancement for criminal threats conviction: Pen. Code, § 667(a)(1) | 5 years |
| Prior separate prison term enhancement for attempted | 1 year |

3

| burglary conviction: Pen. Code § 667.5(b) | |
|---|---|
| **Count 3** | **25 years to life + 11 years** |
| Third-strike possession of a gun with prior violent convictions: Pen. Code, § 29800(a)(1) | 25 years to life |
| Serious felony enhancement for robbery conviction: Pen. Code, § 667(a)(1) | 5 years |
| Serious felony enhancement for criminal threats conviction: Pen. Code, § 667(a)(1) | 5 years |
| Prior separate prison term enhancement for attempted burglary conviction: Pen. Code § 667.5(b) | 1 year |

Hoff appealed.  One of his arguments had merit: that the court erred in sentencing him on count 3 by treating it as a third strike and by imposing two five-year enhancements.  (*People v. Hoff* (Feb. 5, 2019, B267620 [nonpub. opn.]).  We reversed Hoff's count 3 sentence and remanded it for resentencing, but otherwise affirmed.  (*Id.*)

On remand, the court re-sentenced Hoff on count 3 to an eight-year determinate term as follows:

| Second-strike possession of a gun with prior violent | 3 years (upper term) + 3 years (first strike) |
|---|---|

4

| | |
|---|---|
| convictions: Pen. Code, § 29800(a)(1); § 1170(a)–(d) | |
| Prior separate prison term enhancement for criminal threats conviction: Pen. Code, § 667.5(b) | 1 year |
| Prior separate prison term enhancement for attempted burglary conviction: Pen. Code, § 667.5(b) | 1 year |

Because Hoff's sentences on counts 1 and 2 remained the same, his new total sentence was 115 years to life, plus 50 years.

In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3), which retroactively invalidated prior prison or jail sentence enhancements under section 667.5(b), aside from sexually violent offenses. (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 849 (*Guevara*); *People v. Rhodius* (2025) 17 Cal.5th 1050, 1058.) Through newly enacted section 1172.75, defendants with section 667.5(b) enhancements could seek resentencing. (*Guevara*, 18 Cal.5th at p. 850.)

Hoff, through counsel, filed a motion for resentencing under section 1172.75 in 2023. He asked the court to strike the now-invalid section 667.5(b) one-year enhancements and to "use its discretion to strike and reduce any other enhancements including prior 'strikes'" and to "consider dismissing enhancements pursuant to [section 1385(a)]." He also filed a supplemental brief detailing his efforts to rehabilitate himself in prison.

The prosecutor agreed that Hoff was entitled to resentencing as to the section 667.5(b) one-year enhancements, but opposed any further reduction in Hoff's sentence. Additionally, the prosecutor pointed out that Hoff had "serious in-custody rules violations," including manufacturing or possession of a weapon in November 2020, fighting with another inmate in June 2019, and battery with a deadly weapon in November 2016.

After hearing argument from both parties and a statement from Hoff, the court struck all four of the one-year priors. However, the court declined to make any further reductions to Hoff's sentence, finding that striking the other enhancements would endanger public safety. In total, the court reduced Hoff's sentence to 115 years to life plus 46 years.

Hoff timely appealed and we appointed counsel to represent him. Counsel filed an opening brief raising no issues and asking this court to review the record independently under *Wende*, *supra*, 25 Cal.3d 436.

Hoff submitted a supplemental brief. First, he asserts the trial judge should have been removed under section 170.6 of the Code of Civil Procedure because of his "close personal friendship with the prosecutor" and "personal bias" against Hoff. Next, Hoff claims that his sentence is too long because both of his strike priors were more than ten years old at the time of his 2015 sentencing. Hoff further argues there is an "absence of an adequate showing of proof to substantiate count 2," because he only shot Lopez but was still convicted of attempting to murder Agasyan. Lastly, Hoff asked for more time to prepare and present other arguable issues.

These claims are baseless. Nothing in the record supports Hoff's allegations of an inappropriate relationship between the trial judge and prosecutor or the judge's bias against him. Nor did the age of his earlier strikes compel the trial court to find the Three Strikes Law inapplicable to Hoff. (See *People v. Williams* (1998) 17 Cal.4th 148, 163 [defendant still within "the spirit of the Three Strikes Law" where thirteen years elapsed between the first and second strikes and the third strike].) As to Hoff's third argument, there is no requirement for the number of convictions to be equal to or fewer than the number of shots fired. (See *People v. Raviart* (2001) 93 Cal.App.4th 258, 264–287 [affirming two assault convictions against a defendant who fired no shots].)

We have examined the entire appellate record. We are satisfied counsel fully complied with her responsibilities and no arguable issues exist. (See *Wende, supra*, 25 Cal.3d at pp. 441–442.) Accordingly, we deny as futile Hoff's request for additional time.

## DISPOSITION

We affirm the order.


                                                    WILEY, J.


We concur:



        STRATTON, P. J.              SCHERB, J.


7